THE VILLAGE OF HYDE PARK

*v.*

MARTIN ANDREWS.

1. PAROL EVIDENCE—*to explain figures and lines in diagram of a public improvement.* Where an ordinance and diagram of a proposed improvement of a street, by grading and covering it with broken stones, is rejected for indefiniteness and uncertainty, it is error to refuse to admit parol evidence to explain the diagram and the meaning of the figures and terms marked thereon.

2. In most disputed questions as to surveys, plans and specifications of houses, bridges and other structures, and of profiles of railroads and the like, resort may be had to oral testimony to enable the jury to determine the true lines, courses and distances, and to explain the field or other notes or figures used.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM K. McALLISTER, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellant.

Mr. JOHN P. WILSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding to confirm an assessment to improve a street by grading and covering it with broken stones, in the village of Hyde Park. The county court confirmed the assessment, and on an appeal to the circuit court it was held void, and the confirmation by the county court reversed, and the village brings the case to this court on appeal and asks a reversal.

On the trial in the circuit court, the ordinance and diagram were rejected as being too indefinite and uncertain to sustain the proceeding, and thereupon appellant called witnesses and offered to explain by them that the plan of the improvement in the ordinance was certain in every particular, and that the figures and lines in the plan made the ordinance certain; but the court rejected this evidence, to which appellant excepted. This ruling of the court is urged as ground of reversal.

We think this evidence should have been admitted.    It is the general practice to admit oral evidence explanatory of field notes and plats of surveys.    Such diagrams are seldom fully explained by notes or references attached, so as to be fully understood except by persons having skill as surveyors. The field notes of the surveys would not be understood by a majority of the community, unaided by a person who is familiar with their meaning.    They consist of contractions and technical words peculiar to the science, that are not intelligible to persons generally.    Hence, in most disputed questions of these surveys, to enable a jury to determine true lines, courses and distances, resort must be had to oral evidence explaining .the field notes and plats.

The same is true of plans and specifications of houses, bridges and other structures; also of profiles of railroads, models of patented rights to machinery and its improvements.    In the case of *Jacksonville and Savanna R. R. Co.* v. *Kidder*, 21 Ill. 131, it was held, in a proceeding to assess damages for the right of way, that the plans and estimates of the engineer, for the construction of the portion of the road involved, should go to the jury, to enable them to form a correct estimate of the damages that would be sustained by the owner of the land. But it was also said : "We would not be understood as saying that the verbal representations and promises of the engineer, or others, should be binding on the company, or that they should be permitted to go to the jury to influence their finding one way or the other, unless they were sworn to, and in proper explanation of the plans, that they might be the more readily understood by the jury.    In this way, alone, can complete justice be done to both parties."    The reasons that authorized oral explanations in that, apply with full force in this case.

The only objection urged against the ordinance is, that it is too uncertain, and if this is true, on the mere inspection of the diagram of the improvement, then it was error to refuse to permit an explanation of the figures and lines of the plan of the improvement referred to in the diagram.    The explanation

would probably have shown the depth of the ditches and the manner of the drainage, and thus remove the only objection urged.    The question before the court was, the amount of benefit appellee would receive from the construction of the improvement, and to ascertain that fact, it was important that the court should fully understand the lines and figures found at each end of the diagram.    These, we presume, represent the depth and slope of the ditches, and if so, there could be no objection to permit the village to prove that fact in explanation of these figures and lines.    If they represented something else, then that could have been proved.

For the error indicated, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*